FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   JUL 13 2016   ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------- x
KATARZYNA STYKA,                          :
                                          :
                    Plaintiff,            :
                                          :          MEMORANDUM & ORDER
          -against-                       :
                                          :          14 Civ. 6198 (ENV) (VMS)
MY MERCHANTS SERVICES LLC,                :
and JOSE VALERIO,                         :
                                          :
                    Defendants.           :
--------------------------------------------------- x
VITALIANO, D.J.

Plaintiff Katarzyna Styka filed this action asserting claims against defendants My

Merchants Services ("MMS") and Jose Valerio for gender and race-based discrimination, sexual

harassment, a hostile work environment, and retaliation. She proceeds under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human

Rights Law, N.Y. Exec. Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights

Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"), as well as interposing claims under

New York common law for intentional infliction of emotional distress ("IIED") and assault and

battery. Compl., ECF No. 1. By Memorandum and Order, dated September 25, 2015, Styka's

motion for default judgment against defendants was granted and referred to Magistrate Judge

Vera M. Scanlon for an inquest to determine damages. Mem. & Order, ECF No. 21.

After conducting an inquest on February 16, 2016, Magistrate Judge Scanlon issued a

report and recommendation, dated March 15, 2015 (the "R&R"), recommending that defendants

be held liable for an award of $183,060, consisting of $120,000 in compensatory damages for

pain and suffering, $2000 in back pay, $50,000 in punitive damages, and $11,060 in attorney's



1

fees. With notice given, no party filed objections to the R&R, and the time in which to do so has expired. For the reasons stated below, the R&R is adopted in its entirety.

Background

Styka alleges that, in December 2013, she was hired by defendants to work as an administrative assistant. Compl. ¶¶ 15-16. MMS is a Brooklyn business that installs credit card terminals and offers its customers cash advances. *Id.* ¶¶ 9-10. Valerio is an owner of MMS and was plaintiff's supervisor. *Id.* ¶¶ 12-14.

Plaintiff claims that she suffered, on a daily basis, racial and sexual harassment from Valerio consisting of crude verbal comments and text messages mocking the color of her skin and her Polish heritage. Compl. ¶¶ 17-63; Tr. 18:14-23, ECF No. 26. She claims that Valerio demanded that she engage in a sexual relationship with him. Compl. ¶¶ 17-63. On multiple occasions, Valerio physically forced himself on Styka in the workplace by kissing her or grabbing her breasts, thighs, or buttocks. Compl. ¶¶ 21-22, 31, 54; Tr. 6:22-7:1, 8:4-7, 20:8-14, 22:4-11. Valerio offered her a raise in exchange for sex, then threated to fire her if she did not have sex with him. Compl. ¶¶ 28-33, 45-50. He also attempted to kiss Styka's daughter, who hid under a desk. *Id.* ¶ 39.

Styka repeatedly rejected Valerio's advances, told him to stop, threatened to go to the police, and alerted others at the company and his family members to his behavior. Compl. ¶¶ 17-63; Tr. 8:25-9:12, 10:15-22, 24:7-12, 25:4-12. It was all to no avail. Styka, who had no savings or other source of income, could not afford to quit her job; she searched for other work. Compl. ¶¶ 34-35; Tr. 31:15-20. Then, when she informed Valerio that she had another job opportunity,

2

he phoned that prospective employer and told them not to hire her. Tr. 9:5-12, 23:14-25, 31:15-20; R&R at 10.

In or around early April 2014, Valerio fired Styka for refusing to have sex with him, then relented and hired her back about a half-hour later. Compl. ¶¶ 51-52; Tr. 23:16-18. On April 15, 2014, after Styka continued to reject Valerio's advances, he terminated her employment. Compl. ¶¶ 62-64.[1] Styka suffered, and continues to suffer, anxiety and depression, which she attributes to defendants' actions, as well as insomnia, fatigue, and fluctuations in her weight. She sees a psychiatrist and takes anti-depressant medication. Compl. ¶¶ 65-66; Tr. 13:9-14:23, 29:7-25, 31:21-33:5.

## Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the district court may adopt the report and recommendation, "provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014).

## Discussion

In line with the referral order, the R&R presumes the defendants' liability and expressly addresses only the issue of damages. Which leaves the recent Second Circuit precedent noting

---

[1] Styka alleges that, after she was fired, she reported Valerio to the police, and that he pled guilty to sexual harassment. She reports that, as part of his sentence, Valerio was required to take an anti-sexual harassment class. Tr. 11:3-16.

that, "[a] default . . . only establishes a defendant's liability if [the pleadings] are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

To state a claim for discrimination under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 994, 152 L. Ed. 2d 1 (2002) (explaining that the familiar *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement").[2] To state a claim for retaliation under Title VII, a plaintiff must plausibly allege that "(1) defendants discriminated—or took an adverse employment action—against [her], (2) "because" [she] has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90. A well-pled Title VII discrimination or retaliation claim is sufficient to support a corresponding claim under the NYSHRL, as well as under the NYCHRL, which provides even broader protection than its federal and state counterparts. *See Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014); *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 1398 (PAE), 2015 WL 7736554, at *14 (S.D.N.Y. Nov. 30, 2015). There is absolutely no doubt that Styka has plausibly pleaded such claims.

---

[2] Additionally, a well-pled Title VII or NYSHRL hostile work environment claim requires "facts sufficient to support the conclusion that [the plaintiff] was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quoting *Terry v. Ashcroft,* 336 F.3d 128, 148 (2d Cir. 2003)); *see Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 66 (S.D.N.Y. 2015). The NYCHRL offers greater protections, in that it "does not require either materially adverse employment actions or severe and pervasive conduct." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2013). It is a pleading bar that Styka vaults with plenty to spare.

This, of course, does not mean that there are no defenses, technical or otherwise, that either or both defendants might have raised to defeat these claims of discrimination had they chosen to appear and defend them. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."). But, it is to say, critically, that she has pleaded sufficient facts to earn her day in court. Defendants' liability on those sufficient facts was sealed by their decision to default.

Additionally, there are the state law claims, over which, given the decision by defendants to default, the Court would have exercised supplemental jurisdiction, even if Styka's federal claims were not plausibly pled. "Courts must consider 'the values of judicial economy, convenience, fairness, and comity' when deciding whether to exercise supplemental jurisdiction." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). On that basis, the exercise of supplemental jurisdiction would be, and is, appropriate. *See Estate of Shefner ex rel. Shefner v. Beraudiere*, 582 F. App'x 9, 12 (2d Cir. 2014) (finding that, on a motion for default judgment, the district court had discretion to exercise supplemental jurisdiction over state law claims after dismissing all federal claims).

In any event, as to her NYSHRL and NYCHRL claims, Styka's pleadings are clearly sufficient not only to plausibly plead such claims, but to establish defendants' liability for sex and race (ethnic) discrimination, sexual harassment, hostile work environment, and retaliation.[3]

---

[3] Styka has also plausibly pleaded her common law claims. Her claims of unwanted kissing and groping are sufficient to establish assault and battery. *See United Nat. Ins. Co. v. Waterfront New York Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (explaining assault "is an intentional placing of another person in fear of imminent harmful or offensive contact" and battery "is an intentional wrongful physical contact with another person without consent"). "To state a claim

With the plausibility of the pleadings resolved, the Court now turns to Magistrate Judge Scanlon's R&R. Given that no party objected to it, the R&R is reviewed in accordance with the applicable clearly erroneous standard of review. The Court finds the R&R to be correct, well-reasoned, and free of any clear error. The R&R explains that each category of damages—compensatory damages, lost pay, punitive damages, and attorney's fees—is available as against each defendant, given NYSHRL and/or NYCHRL. R&R 13-34. For that reason, the R&R is adopted, in its entirety, as the opinion of the Court.

## Conclusion

In line with the foregoing, the Court's order granting plaintiff's motion for default judgment is amended, *nunc pro tunc*, to reflect the Court's finding that plaintiff has plausibly pleaded her claims, and the R&R of Magistrate Judge Scanlon with respect to damages is adopted in its entirety as the opinion of this Court.

The Clerk of Court is directed to enter judgment for plaintiff in the amount of $183,060, which includes $120,000 in compensatory damages for pain and suffering, $2000 in back pay, $50,000 in punitive damages, and $11,060 in attorney's fees.

---

for [IIED], a party must allege '(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress.'" *Sesto v. Slaine*, No. 15 Civ. 1118 (AJN), 2016 WL 1126537, at *4 (S.D.N.Y. Mar. 18, 2016) (quoting *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996)). Although claims for IIED must satisfy a notoriously high bar under New York law, courts have found that claims of sexual harassment accompanied by sexual battery may be sufficient to state a claim. *See Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 656 (S.D.N.Y. 2015) (collecting cases). Certainly, plaintiff's allegations involve extreme and outrageous conduct that would meet even that exacting standard. Again, while there may be technical or substantive defenses to some or all of the state law causes of action, all that is important here is whether Styka has plausibly pleaded enough to have her day in court. The reprehensible, indeed criminal, conduct she has pleaded is certainly enough for that. The opportunity defendants had to raise any of these defenses was voluntarily surrendered when they chose to default.

The Clerk of Court is further directed to close this case.

So Ordered.

Dated: Brooklyn, New York
       June 28, 2016

                                        /s/ USDJ ERIC N. VITALIANO
                                        ERIC N. VITALIANO
                                        United States District Judge